Nicholas A. Carlin, State Bar No. 112532
Nina C. Pouget, State Bar No. 332958
PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone:    415-398-0900
Fax:          415-398-0911
Email:        nac@phillaw.com
              ncp@phillaw.com

Attorneys for Plaintiff and the Proposed Class

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER NOCCHIERO, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CANYON BICYCLES USA, INC., a California corporation, and DOES 1-20,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Peter Nocchiero, individually and on behalf of all other similarly situated, brings this Class Action against Defendant Canyon Bicycles USA, Inc. (Canyon Bicycles USA and the Doe Defendants shall be referred to herein collectively as "Defendant" or "Canyon"). Plaintiff, by and through his counsel of record, makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself, which are based upon personal knowledge.

## **PRELIMINARY ALLEGATIONS**

1.  Defendant is a California Corporation headquartered in Carlsbad, California and, on information and belief, is a subsidiary of Canyon Bicycles GmbH, a German limited liability company.

2. On November 11, 2024, Defendant issued a recall for all Spectral:ON CF / CFR, and Torque:ON CF e-mountain bikes ("Canyon Bikes") due to a battery malfunction that posed a serious fire hazard. Such a serious defect is extremely dangerous and has consequently rendered the Canyon Bikes unsuitable for their principal and intended purpose. This recall is clear evidence of a critical design and/or manufacturing defect.

3. Defendant has repeatedly delayed resolution of the battery defect, continually shifting its timeline while customers remain unable to use their bikes. At the time of this Complaint, Canyon's customers are still without a replacement battery or other form of appropriate compensation, six months after the initial recall was announced.

4. Defendant's conduct violates common law principes of breach of express warranty, breach of implied warranty of merchantability, fraudulent misrepresentation, fraud by omission, negligent misrepresentation, unjust enrichment, as well as the California Consumer Legal Remedies Act (the "CLRA") (California Civil Code §§ 1770 *et seq.)*, California's False Advertising Law ("FAL") (Business and Professions Code §§ 17500 et seq.), and California's Commercial Code §§ 2313 et seq. ("COM").

5. Plaintiff, and the proposed class and subclass have purchased Canyon Bikes that they would not otherwise have purchased had they known of the battery defect at the point of sale. Plaintiff, and the proposed class and subclass have consequently suffered ascertainable losses and actual damages because of Defendant's unlawful conduct.

6. Given the large quantities of defective bike sold in California and nationwide, this class action is the proper vehicle for addressing Defendant's misconduct and attaining needed relief for those affected.

**THE PARTIES**

7. Plaintiff Peter Nocchiero is a resident of San Rafael, California and an individual consumer.

8. Defendant Canyon Bicycles USA, Inc. is a California Corporation headquartered in Carlsbad, California and, on information and belief, is a subsidiary of Canyon Bicycles GmbH, a German limited liability company.

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone:  (415) 398-0900

**JURISDICTION AND VENUE**

9. The Court has jurisdiction over Plaintiff's and the class's claims pursuant to 28 U.S.C. § 1332(d) because: (a) this action is brought as a proposed class action under Fed. R. Civ. P. 23; (b) the proposed class includes more than 100 members; (c) many of the proposed Class members are citizens of states that are diverse from Defendant's; and (d) the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

10. This Court has personal jurisdiction over Defendant because it is incorporated under the laws of the State of California; its corporate headquarters and principal place of business are located in Carlsbad (San Diego County), California; it conducts substantial business in this District; and a substantial part of the acts and omissions complained of occurred in this district.

11. Venue is proper in this judicial district under 28 U.S.C § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District. Defendant has its principal place of business in California; it is authorized to conduct business in this District; it has intentionally availed itself of the laws and markets within this District; it does substantial business in this District; and it is subject to personal jurisdiction in this District.

**FACTUAL ALLEGATIONS**

12. On its website, Defendant advertises its bikes as high-quality, safe, and technologically advanced. The homepage of its website prominently features statements such as "The Canyon Promise, Best in Class, German engineered, award-winning bikes," and boasts of producing "the world's best bikes." Defendant repeatedly emphasizes its use of cutting-edge technology and points to top customer reviews and superior value. Battery performance, in particular, is a cornerstone of Defendant's advertising: the company highlights its "Powerful Batteries" that purportedly "boost your mileage 42%." A consumer encountering these representations, and paying a premium price in reliance on them, reasonably expects a high-performing and durable product.

13. On or about November 11, 2024, Defendant issued a recall for all Spectral:ON CF / CFR, and Torque:ON CF e-mountain bikes due to a battery malfunction that posed a

3
**CLASS ACTION COMPLAINT**

serious fire hazard. Such a serious defect is extremely dangerous and has consequently rendered the bikes unsuitable for their principal and intended purpose. This recall is clear evidence of a critical design and/or manufacturing defect.

14. Defendant has repeatedly delayed resolution of the battery defect, continually shifting its timeline while customers remain unable to use their bikes. The initial safety notice promised an update with next steps within four weeks. On December 11, 2024, Defendant followed up with a communication stating that a solution would be available by February 2025. On January 23, 2025, Defendant informed customers they could begin ordering their replacement batteries, with shipments expected to begin in early March. However, on March 27, 2025, Defendant announced that the earliest deliveries would not occur until April. As of April 30, 2025, Defendant issued yet another update indicating a new estimated delivery window of May 12 to May 23.

15. Defendant's offer to compensate customers for the battery defect (which rendered all affected Spectral:ON and Torque:ON bikes unsafe to ride as of November 2024) has been inadequate and misleading. On December 11, 2024, Defendant announced it would offer affected customers either (1) a partial refund ranging from $231 to $529 USD depending on model, or (2) a Canyon webshop voucher of higher value, from $346 to $794 USD. Then, on March 27, 2025, Defendant issued a second compensation offer, purporting to cover customers' "waiting time" at a rate of $95 to $217 per month, but inexplicably calculating that compensation only from March 31, 2025, a date Defendant arbitrarily selected months after acknowledging the defect and instructing consumers not to ride their bikes. To date, Plaintiff has not received any compensation under either of Defendant's announced offers.

**PLAINTIFF'S EXPERIENCE WITH DEFENDANT'S DEFECTIVE BIKE**

16. On or about March 4, 2023, Plaintiff purchased a "Spectral:ON CF 8 Electric Mountain Bike" from Defendant's website and paid $6,701.47.

17. On or about November 11, 2024, Plaintiff received an email from Defendant informing him of the safety notice for the battery of his bike. The email said that Defendant

would "reach out to [Plaintiff] again to inform [him] about the next steps to bring [him] back to riding [his] bike" within the next four weeks.

18. Upon receiving this email, Plaintiff was instructed to disassemble the battery and wait for further instructions regarding a potential battery replacement.

19. On or about December 11, 2024, Plaintiff received a follow-up email from Defendant stating that a solution to his bike's battery problem would be available by February 2025.

20. On or about January 23, 2025, Plaintiff received another follow-up email from Defendant stating that he could order a replacement battery, with shipments expected to begin in early March.

21. On or about March 27, 2025, Plaintiff received another follow-up email from Defendant stating that the earliest deliveries for his replacement battery would not occur until April.

22. On or about April 30, 2025, Plaintiff received another follow-up email from Defendant providing a new delivery window for his battery of May 12 to May 23.

23. At the time of this Complaint, Plaintiff still has not received his replacement battery.

24. Plaintiff has not been adequately compensated for his inability to use his bike as described above in Paragraph 15.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action on behalf of himself and the following class pursuant to Rule 23(b)(2), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure on behalf of a class that includes other similarly situated customers of the Canyon business who experienced the same or substantially similar harm as a result of Defendant's illegal conduct.

26. Plaintiff seeks class certification on behalf of a class defined as follows:

> **NATIONWIDE CLASS**: all persons in the United States who, from the beginning of any applicable limitations period through the present, purchased a

Spectral:ON CF / CFR, and Torque:ON CF bike from Defendant with a defective battery (the "Class").

27. Plaintiff seeks certification on behalf of a subclass defined as follows:

**CALIFORNIA SUBCLASS**: all persons who from the beginning of any applicable limitations period through the present, purchased a Spectral:ON CF / CFR, and Torque:ON CF bike in the State of California from Defendant with a defective battery (the "Subclass").

28. The Class and Sub-Class exclude any judge or magistrate assigned to this case, all persons who make a timely election to be excluded from the Class, governmental entities, Defendant and any entity in which Defendant has a controlling interest, and its officers, directors, legal representatives, successors and assigns.

29. As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

30. As used herein, the term "Subclass Members" shall mean and refer to the members of the Sub-Class described above.

31. Plaintiff reserves the right to modify or refine the definitions of the Class or Subclass based upon discovery of new information and in order to accommodate any of the Court's manageability concerns.

32. Class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

33. **Numerosity.** The Class and Subclass Members are so numerous that joinder is impracticable. Upon information and belief, there are at least thousands of individual purchasers of Defendant's e-bikes. The precise number of Class and Subclass Members is unknown to Plaintiff, but may be ascertained, including by objective criteria. Class and Subclass Members may be notified of the pendency of this action by recognized, Court-approved notice of dissemination methods.

34. **Commonality and Predominance**. This action involves common questions of law or fact, which predominate over any questions affecting individual members of the Class and the Subclass. Common questions include:

(a) Whether Defendant's batteries were defective;

(b) Whether the defect was a manufacturing or design defect;

(c) Whether Defendant owed a duty of care to Plaintiff, and the Class and Subclass;

(d) Whether Defendant knew or should have known that the batteries were defective;

(e) Whether Defendant wrongly represented that the electric bikes were safe to use;

(f) Whether the recalled electric bikes retained any value post-recall;

(g) Whether Defendant's representations in advertising, warranties, packaging, and/or labeling were false, deceptive, and misleading;

(h) Whether those representations were likely to deceive a reasonable consumer;

(i) Whether Defendant had knowledge that those representations were false, deceptive, and misleading;

(j) Whether Defendant breached its express warranties;

(k) Whether Defendant breached its implied warranties;

(l) Whether Defendant engaged in unfair trade practices;

(m) Whether Defendant engaged in false advertising;

(n) Whether Defendant's conduct was negligent per se;

(o) Whether Defendant made negligent and/or fraudulent misrepresentations and/or omissions;

(p) Whether Plaintiff, and the members of the Class and Subclass are entitled to actual, statutory, and punitive damages; and

(q) Whether Plaintiff, and the Class and Subclass Members are entitled to declaratory and injunctive relief.

35. Defendant engaged in common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff on his own behalf, and on behalf of the other Class and Subclass Members. Identical statutory violations and business practices and harms are involved.

Individual questions, if any, are not prevalent in comparison to the numerous common questions that dominate this action.

36. **Typicality**. Plaintiff's claims are typical of the claims of the other members of the Class and Subclass because, among other things, all Class and Subclass Members were comparably injured through the uniform misconduct described above. Plaintiff does not have any interests adverse to the Class or Subclass.

37. **Adequacy of Representation**. Plaintiff is an adequate representative of the members of the Class and Subclass because his interests do not conflict with the interests of the other members of the Class or Subclass he seeks to represent, he has retained competent counsel with experience in complex class action litigation, and Plaintiff will prosecute this action vigorously. The interests of the Class or Subclass Members will be fairly and adequately protected by Plaintiff and his counsel.

38. **Declaratory and Injunctive Relief.** Defendant has acted or refused to act on grounds generally applicable to Plaintiff, and other Class or Subclass Members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class or Subclass Members, each as a respective whole.

39. **Superiority.** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff, and the other Class and Subclass Members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for members of the Class and Subclass to seek redress for Defendant's wrongful conduct on an individual basis. Individualized litigation would also pose a threat of significant administrative burden to the court system. Individual cases would create the potential for inconsistent or contradictory judgments and would increase delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the streamlined benefits of singular adjudication and comprehensive supervision by one court. Given the similar nature of the Class and Subclass

Members' claims, the Class and Subclass will be easily managed by the Court and the parties and will be managed more efficiently in this integrated class action than through multiple separate actions.

40. Class certification, therefore, is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class and Subclass, so that final injunctive relief or corresponding declaratory relief is appropriate as to the Class and Subclass as a whole. Plaintiff reserves the right to revise the foregoing Class and Subclass allegations and definitions based on facts learned and legal developments following additional investigation, discovery, or otherwise.

## FIRST CLAIM FOR RELIEF

### Breach of Express Warranty

**(on behalf of the Nationwide Class or, alternatively, the Subclass)**

41. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

42. Defendant marketed and sold electric mountain bikes into the stream of commerce with intent that they would be purchased by Plaintiff, and the Class and Subclass Members.

43. Defendant expressly warranted, advertised, and represented to Plaintiff, and the Class and Subclass Members, that the Canyon Bikes were safe and appropriate for human use.

44. Defendant made these express warranties regarding the Canyon Bikes quality and fitness for use in writing through its website, promotional emails, social media, and other marketing materials. The express warranties became part of the basis of the bargain that Plaintiff and the Class and Subclass Members entered into upon purchasing the Canyon Bikes.

45. Defendant's advertisements, warranties, and representations were made in connection with the sale of the Canyon Bikes to Plaintiff, and the Class and Subclass. Plaintiff and the Class and Subclass Members, relied on Defendant's advertisement, warranties, and representations regarding the Canyon Bikes in deciding whether to purchase them.

46. Defendant was aware, or should have been aware, of the defective and dangerous

nature of the batteries. Instead, Defendant deceptively represented that its products were safe and appropriate for use. Defendant thus utterly failed to ensure that the material representations it was making to consumers were true.

47. These adverse dangerous effects associated with use of the Canyon Bikes existed when they left Defendant's possession or control and were sold to Plaintiff, and the Class and Subclass Members. The dangers associated with use of the defective batteries were undiscoverable by Plaintiff, and the Class and Subclass Members at the time of purchase of the Canyon Bikes.

48. As manufacturers, marketers, advertisers, distributors and sellers of the Canyon Bikes, Defendant had exclusive knowledge and notice of the fact that the bikes did not conform to the affirmations of fact and promises.

49. In addition, or in the alternative, to the formation of an express contract, Defendant made each of the above-described representations to induce Plaintiff, and Class and Subclass Members to rely on such representations.

50. Defendant's affirmations of fact and promises were material, and Plaintiff, and Class and Subclass Members relied upon such representations in purchasing the Canyon Bikes.

51. All conditions precedent to Defendant's liability for its breach of express warranty have been performed by Plaintiff or Class or Subclass Members.

52. Affording Defendant an opportunity to cure its breaches of written warranties has been unnecessary and futile here. Defendant keeps pushing the date to cure its breaches since notice was given to consumers in November 2024.

53. As a direct and proximate result of Defendant's breaches of express warranty, Plaintiff, and Class and Subclass Members have been damaged because they did not receive the products as specifically warranted by Defendant. Plaintiff, and Class and Subclass Members did not receive the benefit of the bargain and suffered damages at the point of sale stemming from their overpayment for Canyon Bikes.

54. Plaintiff, and the Class and Subclass have also suffered and continue to suffer from loss of use of the Canyon Bikes since November 11, 2024.

55. Plaintiff, and the Class and Subclass seek actual damages, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief available thereunder for Defendant's failure to deliver goods conforming to its express warranties and resulting breach.

## SECOND CLAIM FOR RELIEF

### Breach of Implied Warranty of Merchantability

**(on behalf of the Nationwide Class or, alternatively, the Subclass)**

56. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

57. Defendant is a merchant engaging in the sale of goods to Plaintiff, and the Class and Subclass.

58. There was a sale of goods from Defendant to Plaintiff, and the Class and Subclass Members.

59. At all times mentioned herein, Defendant manufactured and supplied Canyon Bikes, and prior to the time Canyon Bikes were purchased by Plaintiff, and the Class and Subclass Members, Defendant impliedly warranted to them that Canyon Bikes were of merchantable quality, fit for their ordinary use, and conformed to the promises and affirmations of fact made on Canyon Bikes, including that they were safe and appropriate for human use. Plaintiff, and the Class and Subclass relied on Defendant's promises and affirmations of fact when they purchased Canyon Bikes.

60. Contrary to these representations and warranties, Canyon Bikes were not fit for their ordinary use, and did not conform to Defendant's affirmations of fact and promises as use of the bikes was accompanied by the risk of adverse dangerous effects that do not conform to the advertising.

61. Defendant breached its implied warranties by selling Canyon Bikes that failed to conform to the promises or affirmations of fact made on the website, promotional emails, social media, and other marketing materials as use of each defective electric mountain bike was accompanied by the risk of developing adverse dangerous effects that do not conform to the

packaging.

62. Privity exists because Defendant impliedly warranted to Plaintiff, and the Class and Subclass through the warranting, advertising, and marketing, that Canyon Bikes were high-quality, safe, and reliable products, including but not limited to representations that the bikes are "German engineered," "award-winning," "Best in Class," and "the world's best bikes." Defendant also emphasized its use of cutting-edge battery technology, promising features such as "Powerful Batteries" that "boost your mileage 42%."

63. As a direct and proximate result of Defendant's conduct, Plaintiff, and the Class and Subclass Members have suffered actual damages in that Canyon Bikes they purchased is worth less than the price they paid and that they would not have purchased at all had they known of the attendant risks associated with the use of the defective battery.

64. Plaintiff, and the Class and Subclass have also suffered and continue to suffer from loss of use of the Canyon Bikes since November 11, 2024.

65. Plaintiff, and the Class and Subclass seek actual damages, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief available thereunder for Defendant's failure to deliver goods conforming to their implied warranties and resulting breach.

### THIRD CLAIM FOR RELIEF

**Fraudulent Misrepresentation**

**(on behalf of the Nationwide Class or, alternatively, the Subclass)**

66. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

67. Defendant falsely represented to Plaintiff, and the Class and Subclass that Canyon Bikes were safe for human use.

68. Defendant intentionally, knowingly, and recklessly made these misrepresentations to induce Plaintiff, and the Class and Subclass to purchase Canyon Bikes.

69. Plaintiff, and the Class and Subclass Members did in fact rely on these misrepresentations and purchased Canyon Bikes. Given the deceptive manner in which

Defendant advertised, represented, and otherwise promoted Canyon Bikes, Plaintiff's and the Class' and Subclass' reliance on Defendant's misrepresentations was justifiable.

70. As a direct and proximate result of Defendant's conduct, Plaintiff, and the Class and Subclass have suffered actual damages in that they purchased Canyon Bikes that were worth less than the price they paid and that they would not have purchased at all had they known of the risks, including explosion and fire, associated with the use of the bikes that do not conform to the product's advertising, and statements.

71. Plaintiff, and the Class and Subclass have also suffered and continue to suffer from loss of use of the Canyon Bikes since November 11, 2024.

72. Plaintiff, and the Class and Subclass Members seek actual damages, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief available under the laws.

## FOURTH CLAIM FOR RELIEF

### Fraud by Omission

### (on behalf of Nationwide Class or, alternatively, the Subclass)

73. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

74. Defendant concealed from and failed to disclose to Plaintiff, and the Class and Subclass that use of Canyon Bikes is accompanied by a risk of adverse dangerous effects that does not conform to the products' advertising, and statements.

75. Defendant was under a duty to disclose to Plaintiff, and the Class and Subclass the true quality, characteristics, ingredients and suitability of Canyon Bikes because: (1) Defendant was in a superior position to know the true state of facts about its products; (2) Defendant was in a superior position to know the risks associated with the use of, characteristics of, and suitability of Canyon Bikes for use by individuals; and (3) Defendant knew that Plaintiff, and the Class and Subclass Members could not reasonably have been expected to learn or discover that Canyon Bikes were misrepresented in the advertising, and websites prior to purchasing them.

76. The facts concealed or not disclosed by Defendant to Plaintiff, and the Class and Subclass, were material in that a reasonable consumer would have considered them important when deciding whether to purchase Canyon Bikes.

77. Plaintiff, and the Class and Subclass justifiably relied on the Defendant's omissions to their detriment. The detriment is evident from the true quality, characteristics, and risk associated with the use of Canyon bikes, which is inferior when compared to how those bikes are advertised and represented by Defendant.

78. As a direct and proximate result of Defendant's conduct, Plaintiff, and the Class and Subclass Members have suffered actual damages in that they purchased Canyon bikes that were worth less than the price they paid and that they would not have purchased at all had they known of the health risks associated with the use of the defective elect which do not conform to the Defendant's advertising, and statements.

79. Plaintiff, and the Class and Subclass Members seek actual damages, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief available under the laws.

## FIFTH CLAIM FOR RELIEF

### Negligent Misrepresentation

**(on behalf of Nationwide Class or, alternatively, the Subclass)**

80. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

81. Defendant had a duty to Plaintiff, and the Class and Subclass to exercise reasonable and ordinary care in the developing, testing, manufacture, marketing, distribution, and sale of Canyon Bikes.

82. Defendant breached its duty to Plaintiff, and the Class and Subclass by developing, testing, manufacturing, advertising, marketing, distributing, and selling products to Plaintiff, and the Class and Subclass that did not have the qualities, characteristics, and suitability for use as advertised by Defendant.

83. Defendant knew or should have known that the qualities and characteristics of

Canyon Bikes were not as advertised or suitable for their intended use and were otherwise not as warranted and represented by Defendant.

84. As a direct and proximate result of Defendant's conduct, Plaintiff, and the Class and Subclass have suffered actual damages in that they purchased Canyon Bikes that were worth less than the price they paid and that they would not have purchased at all had they known the battery was defective and could explode or catch fire.

85. Plaintiff, and the Class and Subclass seek actual damages, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief available.

## SIXTH CLAIM FOR RELIEF

### Unjust Enrichment

**(on behalf of Nationwide Class or, alternatively, the Subclass)**

86. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

87. Plaintiff, and the Class and Subclass conferred substantial benefits on Defendant through their purchase of the defective Canyon Bikes. Defendant knowingly and willingly accepted and enjoyed these benefits.

88. Defendant either knew or should have known that the payments rendered by Plaintiff, and the Class and Subclass were given with the expectation that Canyon Bikes would have the qualities, characteristics, and suitability for use represented and warranted by Defendant. As such, it would be inequitable for Defendant to retain the benefit of the payments under these circumstances.

89. Defendant's acceptance and retention of these benefits under the circumstances alleged herein make it inequitable for Defendant to retain the benefits without payment of the value to Plaintiff, and the Class and Subclass.

90. Plaintiff, and the Class and Subclass are entitled to recover from Defendant all amounts wrongfully collected and improperly retained by Defendant, plus interest thereon.

91. Plaintiff, and the Class and Subclass seek actual damages, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief available under the laws.

## SEVENTH CLAIM FOR RELIEF

### Violation of California Civil Code §§ 1770 *et seq.*

### (on behalf of Plaintiff and the Subclass)

92. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

93. Plaintiff brings this claim for relief pursuant to the California Consumer Legal Remedies Act.

94. Defendant's conduct violated the CLRA, Civil Code § 1770(a)(4), which makes unlawful: "*Using deceptive representations* or designations of geographic origin *in connection with goods or services*" (Emphasis added) as well as section (a)(5) of the CLRA, which makes unlawful: "*Representing that goods or services have* sponsorship, approval, *characteristics*, ingredients, *uses,* benefits, or quantities *that they do not have …*" (Emphasis added). Defendant violated these provisions by advertising and promoting its e-bikes as being "German engineered" and of "the world's best" quality, while selling bikes with defective battery systems that rendered the bikes inoperable for extended periods of time. Defendant marketed the bikes as reliable, high-performance products with advanced technology, yet delivered goods plagued by dangerous defects and severe usability issues. The representations regarding quality, safety, and performance were misleading and materially false at the time they were made.

95. Defendant's conduct also violated the CLRA, Civil Code § 1770 (a)(7), which makes unlawful: "*Representing that goods or services are of a particular standard, quality, or grade*, or that goods are of a particular style or model, *if they are of another*" (Emphasis added). Defendant's marketing campaign created the impression that its products met premium quality standards and were free from serious defects. However, the battery defect that rendered the bikes unusable and posed safety hazards. This demonstrates that the products were not of the standard or quality represented.

96. Plaintiff, and the Class and Subclass have also suffered and continue to suffer from loss of use of the Canyon Bikes since November 11, 2024. The prolonged delay in providing a fix, coupled with inadequate and misleading compensation offers, underscores that the bikes sold were not of the promised grade or standard.

97. Defendant's conduct is ongoing and, unless retrained, likely to subsist or recur.

98. As a legal result of Defendant's violations of the CLRA, Plaintiff and the Subclass are entitled to an order enjoining Defendant from continuing to violate the CLRA in connection with the defective batteries on Canyon Bikes.

99. As a further legal result of Defendant's violations of the CLRA, Plaintiff and the Subclass are entitled to recover their reasonable attorney's fees and costs.

## EIGHT CLAIM FOR RELIEF

### Violation of California Business and Professions Code §§ 17500 *et seq.*

### (on behalf of Plaintiff and the Subclass)

100. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

101. The FAL (§§ 17500 et seq.) prohibits any person, firm, corporation, or association from making or disseminating statements that are untrue or misleading in connection with the sale or disposition of goods or services.

102. Defendant has engaged in false and misleading advertising by promoting and marketing its electric bicycles as high-quality, safe, and reliable products, including but not limited to representations that the bikes are "German engineered," "award-winning," "Best in Class," and "the world's best bikes." Defendant also emphasized its use of cutting-edge battery technology, promising features such as "Powerful Batteries" that "boost your mileage 42%."

103. These statements were disseminated to the public via Defendant's website, promotional emails, social media, and other marketing materials, and were intended to induce consumers to purchase Defendant's products.

104. At the time these statements were made, Defendant knew or should have known that the batteries installed in the affected Canyon Bikes were defective, posed safety risks, and

rendered the bicycles inoperable for extended periods. Despite having this knowledge (or at a minimum, lacking a reasonable basis to claim otherwise) Defendant continued to make promotional claims that were misleading in light of the products' true performance and safety record.

105.  Defendant's false and misleading statements were material to consumers and likely to deceive a reasonable consumer into purchasing a product they otherwise would not have bought, or not at the same price, had they known the truth.

106.  Plaintiff and the Subclass relied on Defendant's representations and suffered economic injury as a result, including but not limited to the loss of use of their bicycles, the time and resources spent seeking a resolution, and the overpayment for products that did not conform to the quality or safety standards advertised.

107.  Pursuant to Business and Professions Code § 17535, Plaintiff seeks restitution, injunctive relief to prevent further false advertising, and any other relief the Court deems proper.

### NINTH CLAIM FOR RELIEF

**Violation of California's Commercial Code §§ 2313 *et seq*.**

**(on behalf of Plaintiff and the Subclass)**

108.  Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

109.  Pursuant to COM § 2313, an express warranty is created when a seller makes an affirmation of fact or promise relating to the goods that becomes part of the basis of the bargain, or describes the goods in a way that creates an express warranty that the goods shall conform to the description.

110.  Defendant made multiple express affirmations of fact, including but not limited to representations that its Canyon Bikes were "Best in Class," "German engineered," "award-winning," and "the world's best bikes." Defendant also expressly warranted the performance and durability of its batteries, boasting "Powerful Batteries" that "boost your mileage 42%." These statements were made through Defendant's website, marketing materials, and direct

customer communications, and were part of the basis of the bargain for Plaintiff and the Subclass.

111. Plaintiff and similarly situated consumers reasonably relied on Defendant's representations in deciding to purchase Canyon Bikes at a premium price.

112. Canyon Bikes purchased by Plaintiff and the Subclass failed to conform to the express warranties made by Defendant. The battery defects rendered the bikes unsafe, unreliable, and unfit for regular use, and forced customers to stop using the bikes for extended periods (at least 6 months) while Defendant repeatedly delayed in offering a functional replacement.

113. Defendant failed to honor its express warranties by delivering goods that did not conform to the descriptions and promises provided, and by refusing to provide timely remedies or meaningful compensation.

114. As a direct and proximate result of Defendant's breach of express warranty, Plaintiff and the Subclass have suffered damages, including the loss of use of their bicycles, diminished value of the product, and the costs and inconvenience of attempting to obtain a remedy.

115. Plaintiff seeks damages, including restitution, and any other relief the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment with respect to his Complaint as follows:

1. Certifying the Class and Subclass as defined herein;

2. Award Plaintiff, and the Class and Subclass actual damages sustained (except with respect to the CLRA claim);

3. Grant restitution to Plaintiff, and members of the Class and Subclass and require Defendant to disgorge its ill-gotten gains (except with respect to the CLRA claim);

4. Award injunctive relief, as claimed herein;

5. Award Plaintiff, and the Class and Subclass, their reasonable attorneys' fees and reimbursement of all costs for the prosecution of this action pursuant to the relevant statutes and the California Private Attorney General Act, Code of Civil Procedure § 1021.5; and

6. Award such other and further relief as this Court deems just and appropriate.

**JURY DEMAND**

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: May 9, 2025                         PHILLIPS, ERLEWINE GIVEN & CARLIN LLP

By: */s/ Nicholas A. Carlin*
    Nicholas A. Carlin
    Nina C. Pouget
    Attorneys for Plaintiff