UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER NOCCHIERO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CANYON BICYCLES USA, INC.,<br><br>Defendant. | Case No.  25-cv-04066-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; GRANTING IN PART AND DENYING IN PART DEFENDANT'S REQUEST FOR JUDICIAL NOTICE; AND STAYING DISCOVERY**<br><br>Re: Dkt. No. 38 |

Pending before the Court is Defendant Canyon Bicycles USA, Inc's ("Defendant" or "Canyon") motion to dismiss and request for judicial notice.  Defendant's Motion to Dismiss ("Motion"), Dkt. No. 38; Defendant's Request for Judicial Notice ("RJN"), Dkt. No. 39.  Also pending before the Court is Defendant's motion to stay discovery.  Defendant's Motion for a Protective Order Staying Discovery ("Mot. for Discovery Stay"), Dkt. No. 45.  The Court finds the matters appropriate for disposition without oral argument and takes them under submission. *See* Civil L.R. 7-1(b).  For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the motion to dismiss, and **GRANTS IN PART** and **DENIES IN PART** the request for judicial notice.  The Court **MOOTS** Defendant's motion to stay discovery but temporarily **STAYS** discovery pursuant to its authority under Federal Rule of Civil Procedure 26(c).

## I.   BACKGROUND

In August 2025, Plaintiffs Peter Nocchiero ("Nocchiero") and Chad Timmins ("Timmins") (collectively, "Plaintiffs") filed a putative amended class action complaint against Defendant, a manufacturer and seller of bicycles, concerning a battery defect in Defendant's electric bicycles (or "e-mountain bikes").  First Amended Class Action Complaint ("FAC"), Dkt. No. 33.

Plaintiffs allege that Defendant "boasts of producing 'the world's best bikes.'"  FAC, ¶ 13.

United States District Court
Northern District of California

According to Plaintiffs, the homepage of Defendant's website prominently features these phrases: "The Canyon Promise, Best in Class, German engineered, award-winning bikes." *Id.* Plaintiffs further allege that "[b]attery performance, in particular, is a cornerstone of Defendant's advertising: the company highlights its 'Powerful Batteries' that purportedly 'boost your mileage 42%.'" *Id.* Plaintiffs assert that "the representation of 'German engineered' was deceptive, at least with respect to the batteries" because "[t]he defective batteries were made in China, not Germany." FAC, ¶ 14.

Plaintiffs allege that on November 6, 2024 Defendant issued a recall for all of its "Spectral:ON CF / CFR" and "Torque:ON CF" e-mountain bikes due to a battery malfunction that posed a serious fire hazard. FAC, ¶ 15. Defendant soon emailed its customers a recall notice stating: "We cannot exclude that the battery might catch on fire resulting in a risk of personal injury or damage to property. We therefore instruct you to please stop use immediately of the affected battery in your bike and do not charge the battery." FAC, ¶ 15. Nocchiero, who purchased a SPECTRAL:ON CF mountain bike from Defendant in March 2023 for $6,701.47, received this recall notice by email on November 11, 2024. FAC, ¶¶ 19, 20. He alleges that the email told him to not ride the bike, dissemble the battery, and wait for further instructions regarding a potential battery replacement. FAC, ¶ 21. Defendant said it would reach back out with next steps to resume bicycle riding within the next four weeks. FAC, ¶ 20. Timmins, who purchased a Spectral:ON CF mountain bike from Defendant in January 2024 for $5,516, received the same recall notice and instructions from Defendant on November 6, 2024. FAC, ¶¶ 29-31. Plaintiffs allege that once they received the recall notice, Plaintiffs and the putative class were unable to use their bicycles. FAC, ¶ 16.

Both Nocchiero and Timmins received a follow-up email from Defendant in December 2024 stating that a solution to the potential battery problem would be available by February 2025. FAC, ¶¶ 22, 32. Also in December 2024, Defendant announced that it would offer affected customers either (1) a partial refund ranging from $231 to $529 depending on model, or (2) a Canyon "webshop" voucher of higher value, from $346 to $794. FAC, ¶ 18. In January 2025, Plaintiffs received another follow-up email from Defendant, stating that they could order a

replacement battery, with shipments expected to begin in early March.  FAC, ¶¶ 23, 33.  Both Plaintiffs also received $266 from Defendant as what they characterize as partial compensation.  FAC, ¶¶ 24, 35.  In February 2025, Defendant denied Timmins' request to return his bicycle based on the battery defect, stating:  "Given we have tens of thousands of customers to consider, we will not be taking returns."  FAC, ¶ 36.  In March 2025, Defendant issued another compensation offer to cover customers' "waiting time" at a rate of $95 to $217 per month, calculating that compensation from March 31, 2025.  FAC, ¶ 18.  Nocchiero received a replacement battery on May 17, 2025, and Timmins received a replacement battery in July 2025.  FAC, ¶¶ 27, 40.  Timmins also received an additional $265 from Defendant in July 2025.  FAC, ¶ 41.

Based on these facts, Plaintiffs assert that "Defendant repeatedly delayed resolution of the battery defect, continually shifting its timeline while customers remained unable to use their bikes."  FAC, ¶ 17.  Plaintiffs also allege that "[t]o date Defendant has not provided proof to Plaintiffs that it has provided replacement batteries to the rest of its customers, and Plaintiffs are informed and believe that it has not.  The Plaintiffs are informed that some of the batteries received by other customers do not appear to work properly."  FAC, ¶ 17.

Plaintiffs further assert that Defendant's monetary offers to compensate its customers for the battery defect have been "inadequate" because they are not "sufficient compensation for the damages suffered by Plaintiffs and the Class."  FAC, ¶ 18.  Specifically, Plaintiffs seek to return their bicycles for a full refund.  FAC, at p. 20 ("Prayer for Relief").  Plaintiffs also seek an order enjoining Defendant from continuing to represent that the bicycles' batteries are "German engineered."  FAC, ¶ 134.

Plaintiff now brings nine claims against Defendants:  (1) breach of express warranty; (2) breach of implied warranty of merchantability; (3) fraudulent misrepresentation; (4) fraud by omission; (5) negligent misrepresentation; (6) unjust enrichment; (7) violation of the California Consumer Legal Remedies Act ("CLRA"), California Civil Code §§ 1770 *et seq.*; (8) violation of the California False Advertising Law ("FAL"), California Business and Professions Code §§ 17500 *et seq.*; and (9) violation of California's Unfair Competition Law ("UCL"), California Business and Profession Code §§ 17200 *et seq.*  Plaintiffs seek damages as to claims (1)-(7), as

well as restitution and injunctive relief as to claims (1)-(6), and (8)-(9).

## II.     LEGAL STANDARD

### A.     Rule 12(b)(1)

Federal Rule of Civil Procedure Rule 12(b)(1) allows a party to move to dismiss for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). The issue of Article III standing is jurisdictional and is therefore "properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). To meet his burden of establishing standing, a plaintiff must show he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016). And where a plaintiff seeks injunctive relief, he must also demonstrate a "real and immediate threat of repeated injury." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011).

If a plaintiff fails to establish standing or any other aspect of subject matter jurisdiction, "the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

### B.     Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that

United States District Court
Northern District of California

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Rule 9(b) imposes a heightened pleading standard where fraud is an essential element of a claim. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *see also Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). A plaintiff must identify "the who, what, when, where, and how" of the alleged conduct, so as to provide defendants with sufficient information to defend against the charge. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. Rule 9(b).

Even if the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*) (quotation omitted).

## III.    DISCUSSION

### A.    Request for Judicial Notice

Before turning to the substance of Defendant's motion, the Court addresses Defendants' request for judicial notice. Request for Judicial Notice ("RJN"), Dkt. No. 39. Attached to Defendant's request for judicial notice are Exhibits A through F, which Defendant asks the Court to either consider incorporated by reference into Plaintiffs' first amended Complaint, or to judicially notice. Specifically, Defendant asks the Court to consider Exhibits A through E incorporated by reference, and to take judicial notice of Exhibits F and G. Plaintiffs object only to Defendant's request for judicial notice of Exhibits F and G, asserting that the request as to these

exhibits "is an improper attempt to introduce disputed facts into a Rule 12(b)(6) motion."  *See* Plaintiffs' Objection to RJN ("Obj. to RJN"), Dkt. No. 41, at 3.

The Court agrees with Defendant that Exhibits A through E are incorporated by reference into Plaintiffs' first amended Complaint.  The Court may consider material incorporated by reference on a motion to dismiss if the "plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claims."  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Exhibits A through E are true and correct copies of, respectively:  Defendant's November 2024 notice directing customers to stop use of electric bicycle models Spectral:ON CF/CFR and Torque:ON CF (Exhibit A) (*see* FAC, ¶¶ 17-18, 22, 32); Defendant's December 2024 offer of a partial refund to Nocchiero and reminder to stop use of his bicycle (Exhibit B) (*see* FAC, ¶¶ 17-18, 22, 32); Defendant's January 2025 notice regarding a replacement battery to Nocchiero (Exhibit C) (*see* FAC, ¶¶ 17, 23, 33); Defendant's March 2025 update regarding replacement battery shipment to Nocchiero (Exhibit D) (*see* FAC, ¶¶ 17-18, 25, 38); and Defendant's April 2025 order confirmation of a replacement battery for Nocchiero (Exhibit E) (*see* FAC, ¶¶ 17, 26).

Exhibits A through E are referred to, summarized, or even quoted in Plaintiffs' first amended Complaint.  *See* FAC, ¶¶ 17-18, 22, 25, 26, 32, 38.  These exhibits also form the basis of Plaintiffs' claims, as the complaint alleges that Defendant's position regarding the battery issues underlying Plaintiffs' claims, as well as the monetary compensation deemed inadequate by Plaintiffs, were communicated to them through Defendant's recall notice and updates.  *See, e.g.*, *Ritchie*, 342 F.3d at 908 (incorporation by reference applies when a plaintiff's claim about insurance coverage is based on the contents of a coverage plan, or when a plaintiff's claim about stock fraud is based on the contents of SEC filings); *Hamilton v. Xpedition LLC*, No. 2:24-cv-02157-KJM-CSK, 2025 WL 435915 at * 1 (E.D. Cal. 2025) (finding full text of recall notice incorporated by reference in case alleging defect in gun safes); *Campos v. Polaris, Inc.*, No. 5:23-cv-00172-SSS-SPx, 2024 WL 1816945 at *1, & 1 n.1 (C.D. Cal. 2024) (finding "Stop Ride" and "Safety Recall" notices incorporated by reference in case alleging clutch defect in off-road vehicles because "the notices form the basis of Plaintiffs' claims").  In addition, these exhibits

United States District Court
Northern District of California

6

underlie Plaintiffs' allegations that "Defendant repeatedly delayed resolution of the battery defect," FAC, ¶¶ 3, 17, such that "customers remained unable to use their bikes" once they received the recall notice warning of serious fire hazard from a battery malfunction, FAC, ¶¶ 3, 16, 17. Accordingly, and in light of Plaintiffs' non-opposition as to these documents, the Court will consider them incorporated by reference in deciding Defendant's motion to dismiss.

As for Exhibits F and G to Defendant's RJN, the Court declines to take judicial notice of these exhibits. Under Federal Rule of Evidence 201, a court may take judicial notice of a fact "not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Accordingly, a court may take "judicial notice of matters of public record," but "cannot take judicial notice of disputed facts contained in such public records." *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 999 (9th Cir. 2018) (citation and quotations omitted). The Ninth Circuit has clarified that if a court takes judicial notice of a document, it must specify what facts it judicially noticed from the document. *Id*. at 999. Further, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id*. Defendant represents that Exhibit F is a true and correct copy of Defendant's Limited Warranty, and that Exhibit G is a true and correct copy of Defendant's webpage explaining the terms of its Limited Warranty. RJN, at 2-3. Plaintiffs oppose on the basis that Defendant posted multiple materially different versions of its warranty terms, some of which omitted any reference to merchantability. *See* Declaration of David M. Kline ("Kline Decl."), Dkt. No. 41-1, ¶¶ 4, 6; *see also* Exs. C & D to Kline Decl.

The Court agrees with Plaintiffs. Exhibits F and G to Defendant's RJN are not dated, and Plaintiff's attestation that multiple versions of the limited warranty existed during the relevant time period refutes Defendant's position that the content of the applicable warranty is undisputed. Moreover, the cases cited by Defendant do not support its position, as in each of those cases, the plaintiff either did not object to the court taking judicial notice of the terms at issue or had quoted those terms in the complaint. *See Ryan v. X Corp.*, No. 24-cv-03553-WHO, 2024 WL 5058526, at *3 n.1 (N.D. Cal. Dec. 9, 2024) ("[Plaintiff] does not oppose."); *Pearl v. Coinbase Global, Inc.*,

No. 22-cv-03561-MMC, 2024 WL 3416505, at *3 n.6 (N.D. Cal. Jul. 15, 2024) (granting "Defendants' unopposed request for judicial notice"); *In re Adobe Sys. Inc. Privacy Litig.*, 66 F. Supp. 3d 1197, 1207 n.2 (N.D. Cal. 2014) (taking judicial notice of privacy policies and terms of use where those documents were "referenced and quoted in the Complaint").

The Court thus **GRANTS IN PART** and **DENIES IN PART** Defendant's request for judicial notice.  Dkt. No. 39.

### B.      Rule 12(b)(1) Motion to Dismiss

Defendant moves to dismiss the FAC in its entirety, arguing that the Court does not have jurisdiction over Plaintiffs' claims because they lack Article III standing.  Mot. at 9-14. Specifically, Defendant argues that Plaintiffs' claims for damages fail because they have not demonstrated economic injury (Mot. at 9-12); that Plaintiffs' claims for equitable restitution fail because they have not demonstrated economic injury or distinguished their requests for restitution from their requests for damages (Mot. at 12-13); and that Plaintiffs lack standing to pursue their claims for injunctive relief because they have not alleged that they intend to again purchase Defendant's bicycles or shown likelihood of future injury (Mot. at 13-14).

The Court agrees with Defendant that Plaintiffs lack standing to pursue their claim for injunctive relief, styled as a request for an order directing Defendant to stop representing that its bicycles' batteries are "German engineered."  FAC, ¶ 134.  In *Davidson v. Kimberly-Clark Corp.*, the Ninth Circuit held that "a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase."  889 F.3d 956, 969-70 (9th Cir. 2018) (holding that the plaintiff had established a threat of future harm even though she now knew that the label was false at the time of purchase).  However, under *Davidson*, Plaintiffs must make "plausible allegations that [they] will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product, although [they] would like to."  889 F.3d at 970. Here, Plaintiffs do not allege that they either intend to re-purchase Defendant's bicycles or would like to do so.  Instead, they assert (with no basis in the law) that it is enough that they "have never disclaimed an interest" in purchasing those products in the future.  Opp. at 9.  Accordingly, to the

*United States District Court*
*Northern District of California*

extent Plaintiffs' claims seek injunctive relief, those claims must be dismissed. *See Nunez v. Saks Inc.*, 771 F. App'x 401, 402 (9th Cir. May 30, 2019) (*Mem.*) (where plaintiff failed to allege "any intent to purchase [Defendant's] branded product in the future," plaintiff lacked standing to pursue injunctive relief);[1] *see also Davidson v. Apple, Inc.*, Case No. 5:16-cv-04942-LHK, 2017 WL 976048, at *6 (N.D. Cal. Mar. 14, 2017) (no standing for injunctive relief where plaintiffs did not allege that they intended to purchase the product at issue in the future); *Romero v. HP, Inc.*, No. 16-CV-05415-LHK, 2017 WL 386237, at *9 (N.D. Cal. Jan. 27, 2017) (same).

The Court also agrees with Defendant that Plaintiffs' claims fail to the extent that they seek equitable restitution. Plaintiffs have not alleged anywhere in the FAC that the compensatory damages they seek would be inadequate. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (plaintiff was required to establish that she "lack[ed] an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA"). As in *Sonner*, Plaintiffs seek damages that are at most the same sum they seek in equitable restitution ("a full refund," *see* FAC, at p. 20 ("Prayer for Relief")). *See* FAC, ¶¶ 72 (plaintiffs "suffered damages . . . stemming from their overpayment for [the bicycles]"); 82 (Plaintiffs "suffered actual damages in that Canyon Bikes they purchased are worth less than the price they paid"); 89 (same); 98 (same); 105 (same). Accordingly, just as the Ninth Circuit held in *Sonner* that the plaintiff was not entitled to equitable restitution where she had failed to explain how the same amount of money for the exact same harm is inadequate, Plaintiffs here likewise may not seek equitable restitution. 971 F.3d at 844. Because Plaintiffs' unjust enrichment claim is in essence a claim for restitution, this claim also fails. *See Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014) ("When a plaintiff alleges unjust enrichment a court may construe the cause of action as a quasi-contract claim seeking restitution.") (cleaned up). And it follows that Plaintiffs' UCL claim, which only seeks restitution and injunctive relief, must be dismissed. *See* FAC, ¶¶ 133-34.

However, at this stage, Plaintiffs have alleged economic injury sufficient to seek damages. Although Plaintiffs do not dispute that they received a replacement battery, they allege that they

---

[1] *Nunez* and the other unpublished Ninth Circuit decisions cited in this order are not precedent, but may be considered for their persuasive value. *See* Fed. R. App. P. 32.1; CTA9 Rule 36-3.

either would not have purchased Defendant's bicycles or would have paid significantly less had they known of the bicycles' battery defect. *See* FAC, ¶¶ 19, 29, 82, 98. The Ninth Circuit has consistently explained that "[w]here, as here, plaintiffs in a false-advertising case contend that they paid more for a product than they otherwise would have paid, or bought it when they otherwise would not have done so they have suffered an Article III injury in fact." *Bowen v. Energizer Holdings, Inc.*, 118 F.4th 1134, 1145 (9th Cir. 2024) (cleaned up). Here, Plaintiffs allege that they relied on Defendant's representations "regarding quality and German engineering," FAC, ¶¶ 19, 29, and that they would not have purchased the bicycles or paid as much for them had they known the truth. *See* FAC, ¶¶ 82, 98. This is enough to establish an economic injury for purposes of Article III standing at this stage.

Defendant nonetheless argues that Plaintiffs fail to allege any economic injury because they concede that they received working replacement batteries (Mot. at 10; *see* FAC, ¶¶ 27, 40), and they also do not explain how the over $400 in cash payments they each received from Defendant did not remedy their overpayment injury (Mot. at 10; *see* FAC, ¶¶ 24, 28, 35, 41). But whether the payments Plaintiffs acknowledge they received actually made them whole so as to negate any economic harm is a question of fact not susceptible to resolution at the motion to dismiss stage, especially where they are seeking a full refund of the cost of their e-bikes. *See In re MacBook Keyboard Litig.*, No. 5:18-CV-02813-EJD, 2019 WL 6465285, at *7-9 (N.D. Cal. Dec. 2, 2019) (motion to dismiss for lack of jurisdiction denied where "a live controversy remains because plaintiff seeks recovery that exceeds what defendant offers in the recall") (cleaned up and citation omitted); *Long v. Graco Children's Prods.*, No. 13-cv-01257-JD, 2014 WL 7204652, at *4 n.1 (N.D. Cal. Dec. 17, 2014) (explaining that claims would be moot if defendant's recall gave plaintiff "precisely the relief" sought); *cf. Bui v. Zuru LLC*, No. 2:23-cv-06125-MRA-MRW, 2024 WL 5680719 at * 4-5 (C.D. Cal. 2024) (finding no Article III standing where full refund had been offered but not accepted by plaintiffs).

Further, Plaintiffs allege that they lost the use of their bicycles for many months after receiving Defendant's November 2024 recall notice that instructed them to stop using the bicycles due to risk of fire. *See* FAC, ¶ 15. Under California law, "loss of use" has long been regarded as

economic loss. *See S.F. Unif. Sch. Dist. v. Grace & Co.*, 37 Cal. App. 4th 1318, 1327 n.5 (1995) (economic loss can "occur[] through loss of value or use of the goods sold"); *Anthony Kelsey-Hayes Co.*, 25 Cal. App. 3d 442, 446 (1972) ("loss of use" is "economic loss"). Thus, Plaintiffs have adequately pled economic injury. However, for the reasons stated above, the Court **GRANTS** Defendant's motion to dismiss Plaintiffs' claims for unjust enrichment (Count 6) and violation of the UCL (Count 9) with leave to amend.

### C.    Rule 12(b)(6) Motion to Dismiss

Defendant also moves to dismiss each of Plaintiffs' claims for failure to state a claim. *See* Mot. at 14-21. Defendant argues that Plaintiffs have failed to plead their fraud-based claims with particularity (Mot. at 14-17), identify any affirmative statements that could create an express warranty (Mot. at 17), or to allege reliance on such affirmative statements (Mot. at 18). According to Defendant, Plaintiffs' negligent misrepresentation claim also fails because Plaintiffs have failed to identify any affirmative statements in support of this claim. Mot. at 20. Defendant also argues that Plaintiffs' claims based on alleged omissions fail for lack of particularity, Mot. at 19-20, and that Plaintiffs' claim for breach of implied warranty of merchantability fails because Defendant disclaimed all implied warranties in its Limited Warranty. Mot. at 20-21 (citing Ex. F to Defendant's RJN). Finally, Defendant argues that Plaintiffs' nationwide class claims should be dismissed or stricken because "when 'material differences are sufficiently obvious from the pleadings,' it is also proper to assess the propriety of nationwide class claims when deciding a motion to dismiss." Mot. at 22 (citing *Davison v. Kia Motors Am., Inc.*, No. 8:15-cv-00239-CJC-RNB, 2015 WL 3970502, at *2 n.3 (C.D. Cal. Jun. 29, 2015)).

### i.    Plaintiffs' Fraud Claims (Counts 3, 7-9)

With respect to Plaintiffs' fraud claims, Defendant argues that Plaintiffs fail to identify actionable deceptive, false, or misleading statements underlying their fraud claims (Counts 3, 7, 8, and 9). Mot. at 14-17. The Court agrees with Defendant that the statements identified by Plaintiffs are not actionable for two reasons.

First, several of the terms identified by Plaintiffs are puffery. "[S]tatements are non-actionable puffery" when they constitute "general assertions of superiority rather than factual

United States District Court
Northern District of California

misrepresentations." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939 (9th Cir. 2008) (in UCL action, "nutritious" standing alone could "arguably constitute puffery, since nutritiousness can be difficult to measure concretely"); *see also Edmundson v. Procter & Gamble Co.*, 537 F. App'x 708, 709 (9th Cir. 2013) (citing *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1053 (9th Cir. 2008) ("Specific, quantifiable 'statements of fact' that refer to a product's absolute characteristics may constitute false advertising, while general, subjective, unverifiable claims are 'mere puffery' that cannot."). Here, challenged statements like "Best in Class" and "the world's best bikes," FAC ¶ 13, are clearly non-actionable puffery, because they are not specific or quantifiable. *See Hawkins v. Shimano N. Am. Bicycle Inc.*, 729 F. Supp. 3d 989, 1014 (C.D. Cal. 2014) (granting motion to dismiss fraud claims based on "unquantifiable, general assertions" like "best balance," "best choice in terms of performance, strength and longevity").

Second, Plaintiffs do not explain how the specific statements identified are either false or misleading. Federal Rule of Civil Procedure 9(b)'s particularity requirement applies to "averments of fraud" in all civil cases in federal court. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009). Relevantly, Rule 9(b)'s heightened pleading standard requires that "[t]he plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003); *see also Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1020 (9th Cir. 2020) (same). For example, Plaintiffs assert that battery performance is a "cornerstone of Defendant's advertising," alleging that Defendant advertises its "'Powerful Batteries' that purportedly 'boost your mileage 42%.'" FAC, ¶ 13. But nowhere in the first amended complaint do Plaintiffs allege that these batteries do not actually boost the mileage of Defendant's bicycles by the advertised percentage. Similarly, Plaintiffs do nothing to explain what about the statement "award-winning bikes" was false or misleading to a reasonable consumer.

Plaintiffs attempt to allege the deceptiveness of one statement with some specificity: Plaintiffs allege that "German-engineered" as applied to the bicycles' batteries was "false" because the batteries were in fact made in China, not Germany. FAC, ¶¶ 14, 65. Defendant responds that it is "plainly unreasonable" for Plaintiffs to have interpreted the term "German-

12

engineered" on Defendant's website homepage to apply to every single product and component part sold by Defendant. Mot. at 16.

The Court agrees with Defendant that Plaintiffs fail to plausibly allege that this statement was false or misleading. Under California consumer protection laws, "[t]he reasonable consumer standard is not satisfied where plaintiffs allege only 'a mere possibility that [the] label might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Brown v. Brita Prods. Co.*, --- F.4th -----, 2026 WL 1028347, at *4 (9th Cir. Apr. 16, 2026) (citation omitted). "Rather, the reasonable consumer standard requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.* (citation omitted). Under this standard, "the plaintiff must show that members of the public are likely to be deceived." *Id.* (citation omitted). The Court finds that Plaintiffs have not alleged, let alone plausibly, why "a significant portion" of the public, in a modern world with global supply chains and design centers located thousands of miles away from corresponding factories, would reasonably believe that "German-engineered" as a description of the e-bikes generally meant that the batteries were physically manufactured in Germany. [2]

Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiffs' fraud claims with leave to amend.

### ii. Plaintiffs' Claims for Breach of Express Warranty (Count 1) and Breach of Implied Warranty of Merchantability (Count 2)

Defendants argue that Plaintiffs have failed to identify any affirmative statements that could create an express warranty. Mot. at 17. The Court agrees. "To state a claim for breach of express warranty under California law, a plaintiff must allege (1) the exact terms of the warranty; (2) reasonable reliance thereon; and (3) a breach of warranty which proximately caused plaintiff's

---

[2] Plaintiffs simply assert, "[o]n information and belief," that the batteries "were not German engineered." FAC, ¶ 65. The Court questions whether this bald assertion is sufficient. *See Menzel v. Scholastic, Inc.*, No. 17-cv-05499-EMC, 2018 WL 1400386 at *3 (N.D. Cal. Mar. 19, 2018) (rejecting adequacy of "information and belief" allegation where it was "not based on any factual allegation that makes the inference of culpability plausible"). While the Court need not need reach this issue because this claim is dismissed on other grounds, it will consider this question if necessary if Plaintiffs further amend the complaint.

13

United States District Court
Northern District of California

injury." *T & M Solar and Air Conditioning, Inc. v. Lennox Int'l Inc.*, 83 F. Supp. 3d 855, 875 (N.D. Cal. 2015); *see also Maneely v. General Motors Corp.*, 108 F.3d 1176, 1181 (9th Cir. 1997) (to prevail on a theory of breach of express warranty, plaintiff must prove that seller "made affirmations of fact or promises that became part of the basis of the bargain"). For example, in *Maneely*, the Ninth Circuit explained that "a specific and unequivocal written statement" such as "completely safe ball will not hit player" or that a sailboat is a "carefully well-equipped and very seaworthy vessel" would serve as an express warranty, but visual images of the product set in certain surroundings did not make any explicit guarantees. 108 F.3d at 1181. Moreover, statements that are "mere puffery" "do not support liability under a claim of breach of warranty," as they are "merely the seller's opinion or commendation of the goods." *T & M Solar and Air Conditioning, Inc.*, 83 F. Supp. 3d at 876.

Here, Plaintiffs allege that "Defendant expressly warranted, advertised, and represented to Plaintiffs and the Class that the Canyon Bikes were of extreme high quality and appropriate for human use, and that they were engineered in Germany." FAC, ¶ 60; *see also id.* ¶ 64 ("Defendant deceptively represented that its products were of extreme high quality and appropriate for use, and that they were German engineered."). Plaintiffs further allege that they and the putative class "relied upon such representations in purchasing the Canyon Bikes." FAC, ¶ 69. Plaintiffs allege that they saw the term "German engineered" on the homepage of Defendant's website. FAC, ¶ 13. According to Plaintiffs, the express warranty was breached because "the batteries were not of extreme high quality, and were not German engineered, and were in fact made in China." FAC, ¶¶ 14 ("[t]he defective batteries were made in China, not Germany"), 65.

Plaintiffs fail to state an express warranty claim for multiple reasons. First, they do not allege where or how Defendant made any "specific and unequivocal written statement" in which it warranted that its bicycles were "of extreme high quality" or "appropriate for human use." A plaintiff claiming a breach of express warranty must allege where and how the defendant made the representation(s) that supposedly created the warranty. *See T & M Solar and Air Conditioning, Inc.*, 83 F. Supp. 3d at 875 ("To allege facts identifying the exact terms of the warranty, a plaintiff must provide 'specifics' about what the warranty statement was, and how and when it was

breached."). But here, Plaintiffs appear to be characterizing their own assumptions, not anything Defendant actually said. They do not allege that Defendant made the specific representations purportedly constituting the express warranty, even as they quote a number of other specific representations. *See* FAC, ¶ 13 (alleging, based on various statements that don't include either of the statements purportedly constituting the express warranty, that "[a] consumer encountering these representations, and paying a premium in reliance on them, reasonably expects a high-performing and durable product").

Second, a generic statement of "high quality" does not rise to the level of constituting a warranty. *See, e.g.*, *Rice v. Sunbeam Prods., Inc.*, No. CV 12-7923-CAS-(AJWx), 2013 WL 12638957, at *12 (C.D. Cal. Apr. 29, 2013) (defendant's statements that product was "high quality" and from a "trusted brand" were "not the sort of unequivocal representations" that would create an express warranty); *see also Mandani v. Volkswagen Group of America, Inc.*, No. 17-cv-07287-HSG, 2019 WL 652867, at *4-5 (N.D. Cal. Feb. 15, 2019) ("Vague statements regarding reliability, dependability, and safety are not actionable express warranties."); *Smith v. LG Elecs. U.S.A., Inc.*, No. C 13-4361 PJH, 2014 WL 989742, at *5 (N.D. Cal. Mar. 11, 2014) (same).

And third, even if the "German engineered" language constituted an express warranty, Plaintiffs do not plausibly allege any breach or resulting injury. *See T & M Solar and Air Conditioning*, 83 F. Supp. 3d at 875 (plaintiff must allege "how and when" warranty was breached). Plaintiffs allege that they were deceived because "the batteries were not of extreme high quality, and were not German engineered, and were in fact made in China," FAC, ¶ 65. But on the face of the supposed warranty, Defendant never warranted that its bicycles' batteries would be *made* (i.e., physically manufactured) in Germany. The Court thus **GRANTS** Defendant's motion to dismiss Plaintiffs' claim for breach of express warranty with leave to amend.

Defendants further argue Plaintiffs' claim for breach of implied warranty of merchantability fails because Defendant disclaimed all implied warranties in what it says is the controlling Limited Warranty (Ex. F to Defendant's RJN). Mot. at 20-21. Because the Court declined to take judicial notice of Defendant's Limited Warranty, *see supra* **Section III.A**, it

cannot dismiss Plaintiffs' claim on this basis.[3]  Accordingly, the Court **DENIES** Defendant's motion to dismiss Plaintiffs' claim for breach of implied warranty of merchantability.

### iii.   Plaintiffs' Claims for Fraud by Omission (Count 4) and Negligent Misrepresentation (Count 5)

Defendant argues that Plaintiffs' claim for fraudulent omission fails to meet the pleading standard under Federal Rule of Civil Procedure 9(b).  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126-27 (9th Cir. 2009) ("nondisclosure is a claim for misrepresentation in a cause of action for fraud, it (as any other fraud claim) must be pleaded with particularity under Rule 9(b)").  The Court agrees with Defendant.  A nondisclosure claim requires pleading the elements of fraud, including knowledge of falsity and intent to defraud, with particularity.  *See id.* at 1126-27.  While Plaintiffs plead that "Defendant concealed from and failed to disclose to Plaintiffs that the batteries were dangerous and, on information and belief, that they were not German engineered," Plaintiffs have failed to allege Defendant's knowledge of falsity with any particularity.  FAC*, ¶ 94.  Specifically, Plaintiffs have not plausibly alleged that Defendant knew that the bicycles' batteries were dangerous, or that Defendants intended to deceive Plaintiffs by describing Defendant's bicycles as "German engineered" at the time they made the statements at issue.

Defendant also argues that Plaintiffs' negligent misrepresentation claim fails because they have not identified any affirmative statements supporting this claim.  Mot. at 20.  The Court agrees with Defendant that a negligent misrepresentation claim "requires a positive assertion," not merely an omission.  *Duttweiler v. Triumph Motorcycles (America) Ltd.*, Case No. 14-cv-04809-HSG, 2015 WL 4941780, at *7-8 (N.D. Cal. Aug. 19, 2015) (citing *Lopez v. Nissan N. Am., Inc.*, 201 Cal. App. 4th 572, 596 (2011)).  Here, as discussed above, Plaintiffs either have identified terms that are puffery, or have failed to explain why the specific statements identified are false or misleading.  *See supra* **Section III(C)(i)**.

Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiffs' claim for

---

[3] While the Court may not decide this issue at the pleading stage because it has to accept the allegations of the complaint as true, it obviously will be relevant if the applicable warranty document expressly forecloses an implied warranty of merchantability claim.  Rather than delay resolution of this plainly foundational issue, the Court will consider inviting a targeted and expedited motion for summary judgment on this point once the pleadings are settled.

United States District Court
Northern District of California

fraud by omission (count 4) and **GRANTS** Defendant's motion to dismiss Plaintiffs' negligent misrepresentation claim (count 5), both with leave to amend,.

### iv.    Plaintiffs' Nationwide Class Claims

Finally, Defendant argues that Plaintiffs' nationwide class claims should be dismissed or stricken because the pleadings reflect "obvious" material differences across state laws. Mot. at 22 (citing *Davison v. Kia Motors Am., Inc.*, No. 8:15-cv-00239-CJC-RNB, 2015 WL 3970502, at *2 n.3 (C.D. Cal. Jun. 29, 2015)). The Court disagrees. The Ninth Circuit has held that that the party seeking to strike class claims has the burden of showing that the law of multiple states, rather than California law, applies to these claims. *Mazza v. American Honda Motor Co., Inc.*, 666 F.3d 581, 590 (9th Cir. 2012). As Defendant's own authority provides, "[i]t is the foreign law proponent's burden to satisfy the three-prong governmental interest test." *Vinci v. Hyundai Motor America*, Case No. SA CV 17-0997-DOC (KESx), 2018 WL 6136828, at *6 (C.D. Cal. Apr. 10, 2018) (citation omitted). Here, Defendant's analysis only cursorily addresses the first prong of the test (*see* Mot. at 22-23), which requires the court to "determine[] whether the relevant law of each of the potentially affected jurisdictions with regard to the particular issue in question is the same or different." *Mazza*, 666 F.3d at 590; *cf. Vinci*, 2018 WL 6136828, at *7 (defendant "attach[ed] extensive charts depicting differences in the laws of consumer protection laws, unjust enrichment, fraudulent concealment, and warranty of each state," which plaintiffs did not dispute). *Only if* a difference exists does a court examine each jurisdiction's interest in the application of its own law to the circumstances of the particular case to determine whether a true conflict exists. *Id.* (emphasis added).

Accordingly, because Defendant has not met its burden at this stage of showing that different laws from multiple states apply to Plaintiffs' nationwide class claims, the Court declines to dismiss them.

### D.    Defendant's Motion to Stay Discovery

Defendant seeks to stay discovery until the Court has determined that it has jurisdiction over this action and/or that Plaintiffs have stated a plausible claim for relief. *See* Dkt. No. 45 at 2. A "district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d

United States District Court
Northern District of California

17

681, 685 (9th Cir. 1988). And under Federal Rule of Civil Procedure 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Courts in this district often apply a two-prong test to determine whether a stay of discovery is appropriate. *See In re Nexus 6p Prod. Liab. Litig.*, No. 17-CV-02185-BLF, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017) (collecting cases). First, the moving party must demonstrate that the pending motion is "potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Id*. Second, "the court must determine whether the pending motion can be decided absent discovery." *Id*.

Having found dismissal of nearly the entire first amended complaint to be warranted, the Court believes that given the specific circumstances here "[i]t is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). Accordingly, the Court finds in its discretion that there is good cause under Rule 26(c) to temporarily stay discovery until it determines whether Plaintiffs can state any cognizable claims beyond the implied warranty claim.

## IV.   CONCLUSION

The Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Dismiss (Dkt. No. 38), and **GRANTS IN PART** and **DENIES IN PART** Defendant's request for judicial notice (Dkt. No. 39). Specifically, the Court **GRANTS** Defendant's motion to dismiss the following claims:

    a.   Breach of express warranty (Count 1)

    b.   Fraudulent misrepresentation (Count 3)

    c.   Fraud by omission (Count 4)

    d.   Negligent misrepresentation (Count 5)

    e.   Unjust enrichment (Count 6)

    f.   Violation of the CLRA (Count 7)

    g.   Violation of the FAL (Count 8)

    h.   Violation of the UCL (Count 9)

United States District Court
Northern District of California

The Court **DENIES** Defendant's motion to dismiss Plaintiffs' claim for breach of implied warranty of merchantability (Count 2).  The Court also **DENIES** Defendant's motion to dismiss Plaintiffs' nationwide class claims.  The Court **TERMINATES** Defendant's motion to stay, Dkt. No. 45, as moot, but temporarily **STAYS** discovery until otherwise ordered.

Because the Court cannot find that further amendment necessarily would be futile, the Court grants leave to amend.  Any amended complaint is due within 21 days of the date of this order.  The Court **SETS** a case management conference in this case on May 26, 2026, at 2:00 p.m. The hearing will be held by Public Zoom Webinar.  All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/hsg.  All attorneys appearing for the case management conference are required to join at least 15 minutes before the hearing to check in with the courtroom deputy and test internet, video, and audio capabilities.  The Court **DIRECTS** the parties to meet and confer and file a joint case management statement by May 19, 2026.

**IT IS SO ORDERED.**

Dated:    4/23/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge