PHILLIPS, ERLEWINE & CARLIN LLP
Nicholas A. Carlin, State Bar No. 112532
39 Mesa Street, Suite 202 – The Presidio
San Francisco, CA 94129
Telephone: (415) 398-0900
E-mail: nac@phillaw.com

*Attorneys for Plaintiffs and the Proposed Class*

FRESHFIELDS US LLP
JUSTINA KAHN SESSIONS, Cal. Bar No. 270914
One Bush Street, 17th Floor
San Francisco, California 94104
Telephone: (650) 618-9250
Email: justina.sessions@freshfields.com

ROBERT MCCALLUM (*appearing pro hac vice*)
ELIZABETH V. CURRAN (*appearing pro hac vice*)
3 World Trade Center
175 Greenwich Street, 52nd Fl.
New York, NY 10007
Telephone: (212) 277-4000
Email: rob.mccallum@freshfields.com
Email: elizabeth.curran@freshfields.com

NINA FRANT (*appearing pro hac vice*)
700 13th Street NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
E-mail: nina.frant@freshfields.com

*Attorneys for Defendant Canyon Bicycles USA, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

PETER NOCCHIERO and CHAD TIMMINS,

*Plaintiffs*,

v.

CANYON BICYCLES USA, INC.,

*Defendant.*

**Case No. 4:25-cv-04066-HSG**

**STIPULATION AND SCHEDULING ORDER**

Pursuant to Fed. R. Civ. P. 16(b)(4) and Civil L.R. 16-10(b), Plaintiffs Peter Nocchiero and Chad Timmins ("Plaintiffs") and Defendant Canyon Bicycles USA, Inc. ("Defendant") (collectively, the "Parties"), by and through their respective counsel of record, respectfully submit this joint stipulation and proposed order modifying the case schedule, and state as follows:

**Procedural Background:** Plaintiffs filed the First Amended Complaint on August 15, 2025. See Dkt. 33. Following the Court's April 23, 2026 "Order Granting in Part and Denying in Part Defendant's Motion to Dismiss", the only remaining cause of action is Plaintiffs' claim that Defendant breached the implied warranty of merchantability, which Plaintiffs seek to assert on behalf of a nationwide class and a California subclass. See Dkt. 50. Plaintiffs did not amend, and the First Amended Complaint remains the operative pleading.

On June 5, 2026, following the Parties' joint submission, the Court entered a scheduling order setting the close of discovery for October 2, 2026; Plaintiffs' class certification motion for November 6, 2026; Defendant's opposition for December 4, 2026; Plaintiffs' reply for December 18, 2026; and the hearing for January 21, 2027. Dkt. 65.

**Parties' Diligence**: The Parties have timely exchanged discovery requests, responses and objections, and responsive documents relevant to the implied warranty claim and Plaintiffs' damages theory. The Parties have jointly stipulated to a protective order which this Court entered on August 31, 2026. Dkt. 70. The Parties continue to confer on remaining discovery requests.

In an effort to resolve the remaining implied warranty claim prior to the close of discovery and the start of class certification briefing, the Parties elected to proceed with a private mediation before a former judge. The mediation was scheduled for Monday, September 21, 2026. In preparation, the Parties exchanged documents and discovery responses pertinent to each side's mediation needs. The Parties timed the mediation deliberately. Setting the mediation before the discovery cutoff allowed the Parties the opportunity to resolve without requiring any adjustment

to the Court's schedule.

Due to an unforeseen and unexpected medical matter, the mediator notified the Parties on September 11, 2026, that he would be unable to proceed with the mediation as planned. The Parties have since conferred and have agreed to reschedule the mediation for October 19, 2026, the mediator's earliest available date that works for the Parties.

Significant discovery remains outstanding, including as many as nine noticed depositions, largely of witnesses located in Germany, and several discovery requests over which the Parties are continuing to negotiate. Completing that discovery now would require substantial time and expense that the Parties would otherwise devote to their mediation efforts. Moreover, neither side wishes to expend substantial time and resources completing that discovery given both Parties' preparations and intent to resolve the dispute at mediation.

Rather than incur that expense on the eve of a mediation that may resolve the case, the Parties have agreed to sequence the remaining discovery. Each side will produce the discrete set of documents the other has identified as necessary to prepare for the session, and the balance will follow if the case does not settle. This approach avoids expense that may prove wholly unnecessary while ensuring both Parties come to the mediation fully informed.

The Parties recognize that this sequencing works only if the Court's schedule accommodates it, which is why they bring the issue to the Court now rather than proceeding on their own. The Parties directed their resources toward resolving the case at the September mediation rather than completing discovery that a settlement might render unnecessary. With the mediation now scheduled for two weeks past the cutoff, they need additional time to complete the remaining work.

The remaining discovery cannot reasonably be completed by October 2. The Parties have been diligent in their productions of information pertinent to the remaining claim, and they

focused their efforts on the discovery each side needed to evaluate the case for mediation. Even with timely responses and revisions from both Parties, nine depositions were noticed on September 2, September 10, and September 12. The Parties have not yet agreed to a deposition schedule. Several of the depositions will be of employees based in Canyon's German headquarters, which requires additional coordination. Even with the Parties' diligence, preparation and completion of these depositions in just two weeks' time is not feasible.

Under the current schedule, the class certification motion is due two weeks after the scheduled mediation. The Parties believe that a settlement is possible and both prefer to devote resources to that effort rather than briefing a motion that may prove unnecessary.

Good cause exists under Rule 16(b)(4) where, despite a party's diligence, circumstances outside its control prevent compliance with the existing schedule. That is precisely this case. The Parties were diligent, the mediator's unavailability was neither foreseeable nor within their control, and the requested modification serves both the Parties' interest in an efficient resolution and the Court's interest in avoiding briefing that a settlement may moot. The Parties therefore respectfully submit this joint request.

Pursuant to Civil L.R. 16-10(b), the Parties respectfully submit the following schedule for the Court's approval:

a. Discovery Completed by December 21, 2026;
b. Plaintiffs' Brief in Support of their Motion for Class Certification shall be filed by January 20, 2027;
c. Defendant's Opposition Brief on Class Certification shall be filed by February 24, 2027;
d. Plaintiffs' Reply Brief on Class Certification shall be filed by March 10, 2027;
e. Hearing on Plaintiffs' Motion for Class Certification shall be on April 13, 2027.

**IT IS SO STIPULATED.**

Dated: Sept. 18, 2026

**FRESHFIELDS US LLP**

*/s/ Elizabeth Curran*

Elizabeth Curran (*appearing pro hac vice*)
Robert McCallum (*appearing pro hac vice*)
Nina Frant (*appearing pro hac vice*)
Justina Kahn Sessions
*Attorneys for Defendant Canyon Bicycles USA, Inc.*

Dated: Sept. 18, 2026

**PHILLIPS, ERLEWINE & CARLIN LLP**

*/s/ Nicholas A. Carlin*
Nicholas A. Carlin

*Attorney for Plaintiffs Peter Nocchiero and Chad Timmins*

**ATTESTATION**

I, Elizabeth Curran, attest that all other signatures listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: Sept. 18, 2026

*/s/ Elizabeth Curran*
Elizabeth Curran

*Attorney for Defendant Canyon Bicycles USA, Inc.*

**ORDER**

For the reasons set forth in the Parties' stipulation, and good cause appearing, it is hereby ordered that:

1. The following deadlines shall govern:

   a. Discovery completion: December 21, 2026

   b. Plaintiffs' motion for class certification: January 20, 2027

   c. Defendant's opposition: February 24, 2027

   d. Plaintiffs' reply: March 10, 2027

   e. Hearing on class certification: April 13, 2027

**IT IS SO ORDERED.**

Dated: 9/22/2026

Haywood S. Gilliam, Jr.

Hon. Haywood S. Gilliam, Jr.